## Case No. 8,259.

LEONARD et al. v. NEALE.

[1 Cranch, C. C. 493.] [1]

Circuit Court, District of Columbia. July Term, 1808.

EVIDENCE — HANDWRITING OF SUBSCRIBING WITNESS—OF MAKER — SUFFICIENCY OF TESTIMONY —RENT—DISTRESS—CONVEYED TO CREDITORS.

1. If the testimony of the subscribing witness cannot be had, evidence may be given of his handwriting, and of that of the maker of the instrument; and it is not necessary that the jury should be satisfied by the evidence of the handwriting of the subscribing witness, if they are satisfied as to that of the maker.

2. Property distrained for rent, may be transferred by the tenant to his creditors, subject to the lien for the rent.

Trover for certain goods. John Withers being indebted to the plaintiffs, Leonard & Thomas Cooke, and also intending to indemnify them against their suretyship, in a replevin bond given to release the same property from distress for rent due to L.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Summers, it having been seized by Neale as bailiff of Summers, by a writing not under seal, mortgaged to them the property in the hands of Neale. The possession of the property remained with Neale after the release of it by execution of the replevy bond. A few minutes after the release of the property from the distress, a creditor took his fieri facias against the goods of Withers, and put it into the hands of the said Neale, who was a constable, and he levied it upon the goods in his hands. On the day after the fieri facias was laid, the plaintiffs demanded of Neale the possession of the goods, which he refused to give; whereupon the plaintiffs brought their action of trover. On the trial, the plaintiffs proved that it was not in their power to obtain the testimony of the subscribing witness, John Pierson, and offered to prove his handwriting, and that of Withers, the maker of the instrument.

THE COURT suffered them to give such evidence.

E. J. Lee, for plaintiffs, then prayed the court to instruct the jury that if they should not, by the evidence, be satisfied of the handwriting of Pierson, they ought to disregard the evidence of the handwriting of Withers.

Which instruction THE COURT refused to give. It not being a sealed instrument, the court thought that the strongest evidence of the signature of Withers, was, not proof of the handwriting of the witness, but of the handwriting of Withers himself, notwithstanding the case of Barnes v. Trompowsky, 7 Term R. 265, and Adam v. Kerr, 1 Bos. & P. 360.

The defendant's counsel, Mr. Taylor, then prayed the court to instruct, &c., that the plaintiffs, not having had the possession of the goods, cannot recover in this suit, against the claim of the creditor in whose name the fieri facias was issued. Upon this question, THE COURT (DUCKETT, Circuit Judge, absent) was divided. FITZHUGH, Circuit Judge, thinking that upon the bargain being made, Neale was a trustee for the plaintiffs, and that his possession is to be considered as theirs.

CRANCH, Chief Judge, rather inclined to think that such a constructive possession cannot be set up against a creditor. That Neale's possession is to be considered as the possession of Withers, and not of the plaintiffs.

But upon a second argument, (DUCKETT, Circuit Judge, being present,) THE COURT (nem. con.) refused to give the instruction prayed by the defendant's counsel, thinking that Neale's possession after the goods were relieved from the distress, was as a trustee for the plaintiffs. .

FITZHUGH, Circuit Judge. The constable, after the distress, held the goods, subject to being restored to Withers on his re-plevying them. The replevy bond was given before the execution against Withers was delivered to the constable. Before the replevy bond was given, and as a collateral security for the plaintiffs' becoming jointly bound in it, Withers agreed by a written instrument to assign and transfer to them the goods distrained. This was a complete transfer of Withers's right; he could not countermand it. The constable, who never had more than a right to hold the property for the purpose of securing the payment of the rent, must have held it as trustee for the plaintiffs. He could not hold it in trust for Summers, the landlord, because by law he had no lien on it. Withers was estopped by the writing in question. The creditors had no claim to it, because it was restored, or ought by law to have been restored as soon as the replevy bond was given, and their executions were not delivered to the constable until this was done. The constable was not then the agent of the creditors, nor authorized to take this property for their benefit, and cannot be said to hold for their use. He must have held in trust for the plaintiffs. The question is not between Summers and the plaintiffs; he had the first lien, but he is satisfied by the plaintiffs' securing his rent. As between the plaintiffs and those creditors, the plaintiffs have a prior and better right; they are creditors for an adequate consideration, and Withers, who was under a moral obligation to pay them, and under no legal or equitable impediment, (at least on the part of the defendant, or these creditors by judgment,) transfers the property distrained, to the plaintiffs. They ought not to be deprived of the advantage which they have gained over other creditors, by viewing the constable as holding this property for the purpose of satisfying the distress, and therefore considering it as in custody of the law. When it was replevied, this presumption of law ceased. The object of its detention being then answered, it ought to have been released and delivered up to the person entitled to it. Who was entitled to it? Not Withers, because he had transferred it; not the constable, because he never had more than a fiduciary interest, viz., for the sole purpose of securing the payment. On his taking the replevy bond, it was functus officio, and his interest ceased. It could not vest in the judgment creditors whose executions had not been shown or delivered, but the property must have been in the plaintiffs, and the possession of the constable, in contemplation of law, their possession. Lempriere v. Pasley, 2 Term R. 485.

In Atkin v. Barwick, 1 Strange, 165, it was decided that a delivery to A, to the use of B, on a precedent consideration, is not countermandable by A, but vests the absolute property. In the case cited, the goods, to wit, a parcel of silk, were delivered in the absence of B, to his use, without his

knowledge, or the actual delivery to B. In an action by assignees of the bankrupt, the late owner of the goods, it was insisted that they did not pass because B had not accepted them; that though the delivery was stated to be to B's use, yet it did not appear to be in satisfaction of a precedent debt. There was therefore no consideration, and it was a fraud on creditors. But it was decided that this passed the absolute property, subject to a disagreement by B; but the contract is not open till agreement, but complete, unless there is a disagreement, and being for B's benefit, his disagreement shall not be presumed, and Eyre, J., said, "all these cases go on the distinction, where the delivery is with and without consideration; if with consideration, and the delivery is of money, debt lies; if of goods, trover. The precedent debt is a sufficient consideration, and it vests before notice; for it being to his benefit, a disagreement shall not be presumed." Fortescue, J. "Property by our law may be divested without an actual delivery, as a horse sold in a stable. But it is otherwise by the civil law. A general bailment alters no property, but this is not such."